FILED
2014 JAN 22 PM 1:44

KAZEROUNI LAW GROUP, APC
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
S. Mohammad Kazerouni (SBN: 252835)
mike@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[ADDITIONAL PLAINTIFF'S COUNSEL ON SIGNATURE LINE]

*Attorneys for Plaintiff,*
Edward Arevalo, Jr.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

EDCV14-135 JAK (SPx)

| EDWARD AREVALO, JR., INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No.: |
|---|---|
| Plaintiff, | CLASS ACTION COMPLAINT FOR DAMAGES FOR VIOLATIONS OF: |
| v. | (1) THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.; |
| RAZOR CAPITAL LLC, | (2) CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1, ET SEQ.; AND, |
| Defendant. | (3) CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 |
| | JURY TRIAL DEMANDED |

///
///
///

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. EDWARD AREVALO, JR. ("Plaintiff"), by Plaintiff's attorneys, brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, to challenge the illegal actions RAZOR CAPITAL LLC ("Defendant") with regard to attempts by Defendant, debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

///

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1682k and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendant's violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq; (ii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1. et seq.; and, (iii) California Business and Professions Code § 17200, et seq.

10. Because Defendant conducts business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Riverside, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant. See, for example, *Razor Capital LLC v. Edward Arevalo, Jr.*, RIC1301705 filed in the Superior Court of California, County of Riverside on February 11, 2013.

## PARTIES

12. Plaintiff is a natural person who resides in the County of Riverside, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Cal. Civ. Code § 1785.3(c).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company whose State of Incorporation and principal place of business is Minnesota.

14. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

16. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

17. Defendant is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

## BACKGROUND

18. As discussed herein, Plaintiff's Class Action for Damages and Injunctive Relief seeks to remedy Defendant's unfair debt collection practice of illegally demanding post-charge off interest despite Defendant's predecessor in interest waiving such fees and Defendant's conduct of reporting said inaccurate information to the Credit Reporting Agencies.

19. On information and belief, it is Defendant's policy and practice to add post-charge off interest to consumer debts collected by Defendant.

20. A vast majority of the debts that Defendant seeks to collect are credit cards originally issued by banks.

21. As a standard practice, and for a variety of business reasons, most banks waive interest on credit card debts after charge-off for as long as the debts are held by the banks.

22. Among other reasons for this practice, banks are now required to send periodic statements on all accounts, including defaulted accounts, for any period during which interest or fees are added to the account. Regulation Z, 12 C.F.R. § 226.5(b)(2)(i) ("A period statement need not be sent for an account if the creditor deems it uncollectible, if delinquency collection proceedings have been instituted, [or] if the creditor has charged off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account..."). Banks generally prefer to waive the interest and save the expense of preparing and sending statements.

23. Pursuant to applicable collection and contract laws, Defendant only purchases what the predecessor in interest is able to sell. If Defendant's predecessor in interest waived the right to add interest post-charge-off, Defendant acquired the alleged debts subject to that waiver.

24. Despite said waiver, Defendant continually seeks to collect post-charge-off interest from California consumers prior to filing collection actions against these consumers and also during such collection actions. On information and belief, Defendant also reports this inaccurate information regarding the amount of these alleged debts to the Credit Reporting Agencies.

## FACTUAL ALLEGATIONS

25. At all times relevant, Plaintiff is an individual residing within the State of California.
26. Plaintiff is informed and believes, and thereon alleges, that at all time relevant, Defendant conducted business in the State of California.
27. In or about 2011, Plaintiff allegedly incurred financial obligations to the original creditor, Wells Fargo Bank, N.A. ("Wells Fargo"), that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f) and 15 U.S.C. § 1692a(6).
28. Plaintiff's alleged credit card was allegedly incurred for personal, family and household purposes.
29. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to whether or not this alleged debt was actually owed.
30. Sometime prior to 2009, Wells Fargo allegedly assigned, placed, or otherwise transferred, to Prestige Alliance, LLC ("Prestige Alliance") thousands, if not tens of thousands, of credit card accounts, for collection.
31. Following this alleged transfer, Prestige Alliance transferred the same accounts to Defendant on or about December 17, 2009.

///

32. The "Agreement for Purchase and Sale of Charged-Off Accounts ("The Agreement")" was subsequently amended to include yet more consumer accounts, including Plaintiff's alleged account.

33. Pursuant to The Agreement, the term "unpaid balance" "shall not include any interest, fees or other charges accrued after the charged-off date of the Account."

34. The Agreement continues to state that "[n]o post charge-off interest or fees have been added to the Unpaid Balance."

35. As a result of the alleged transfer, Plaintiff has received numerous telephone calls and written communications from Defendant and/or Defendant's agents regarding the alleged debt. These telephone calls were "communications" as 15 U.S.C. § 1692a(2) defines that term, and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

36. Specifically, Plaintiff received written communications from Defendant and/or Defendant's agents dated October 31, 2012; and November 6, 2012 attempting to collect Plaintiff's alleged debt.

37. Said written communications both identified an alleged "Charge Off Balance" of $4,946.76.

38. Defendant demanded "Accrued Interest" at the rate of 10% per year from January 31, 2011, a date following the original charge-off, illegally increasing Plaintiff's alleged debt by nearly $1,000.00.

39. As identified by Defendant's written communications, the amount of "Accrued Interest" continued to increase despite Prestige Alliance's explicit instructions to the contrary.

40. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt.

///

41. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the amount of Plaintiff's alleged debt.

42. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt.

43. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt.

44. Through this conduct, Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement creating Plaintiff's alleged debt nor permitted by law.

45. Thereafter, Defendant filed a collection lawsuit against Plaintiff on February 11, 2013 entitled *Razor Capital LLC v. Edward Arevalo, Jr. and Does 1 to 10*, court case no.: RIC 1301705 in the Superior Court of California, County of Riverside ("the State Action").

46. In the State Action, Defendant demanded post charge-off interest at the rate of 10.000 percent per year from January 31, 2011.

47. By attempting to collect post charge-off interest, Defendant violated 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(10); 1692f; and, 1692f(1) for the reasons discussed above.

48. Sometime thereafter, Plaintiff discovered that Defendant was furnishing information to Plaintiff's credit reporting agencies that Plaintiff's alleged debt included interest beyond what Defendant was permitted to collect.

49. Through this conduct, Defendant has violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Defendant knew or should known was inaccurate.

50. By reporting inaccurate information to the credit bureaus, Defendant has continually attempted to collect payments from Plaintiff in a deceptive and unfair manner, including by asserting that Plaintiff owes monies to Defendant that are not owed.

51. As a result of Defendant's improper and unauthorized conduct, Plaintiff has suffered actual damages due to Defendant's misrepresentations regarding the amount of Plaintiff's alleged debt.

52. Furthermore, Plaintiff is not alone; Defendant has improperly, unlawfully, and without legal authority attempted to collect falsely inflated debts from Plaintiff and other California consumers. This act and omission constitutes unlawful, unfair, and fraudulent conduct under California's Unfair Competition Law, Business & Professions Code §17200 *et seq.* (the "UCL"); and, violate the FDCPA.

## CLASS ALLEGATIONS

53. Plaintiff brings this action on his own behalf, and on behalf of all others similarly situated ("The Class") and ("The Sub-Class").

54. Plaintiff represents, and is a member of, "The Class" defined as follows: (i) all persons; (ii) from whom Defendant attempted to collect a credit card debt; (iii) acquired by Defendant pursuant to the Agreement For Purchase and Sale of Charged-Off Accounts between Prestige Alliance, LLC and Defendant dated December 19, 2009 (iv) who had interest added by Defendant to the amount of the alleged debt that had not been added by the alleged owner of the debt prior to the purchase by Defendant; (v) at any time one year prior to the date of the filing of this Action.

55. Plaintiff represents, and is a member of, "The Sub-Class" defined as follows: (i) all persons with addresses within the State of California; (ii) from whom Defendant attempted to collect a credit card debt; (iii) acquired by Defendant pursuant to the Agreement For Purchase and Sale of Charged-Off Accounts between Prestige Alliance, LLC and Defendant dated December 19, 2009 (iv) who had interest added by Defendant to the amount of the alleged debt that had not been added by the alleged owner of the debt prior to the purchase by Defendant; (v) which alleged debt was the subject of a credit report issued by

Defendant (vi) at any time four years prior to the date of the filing of this Action.

56. Defendant and their employees or agents are excluded from the Class.

57. Plaintiff does not know the exact number of persons in the Class, but believes them to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.

58. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

59. There is a well-defined community of interest in the questions of law and fact involved affecting the members of The Class and The Sub-Class. The questions of law and fact common to the Class and The Sub-Class predominates over questions affecting only individual class members, and include, but are not limited to, the following:

   a. Whether Defendant has a standard procedure of filing collection actions with respect to the dates, amounts of interest, and rates of interest;

   b. Whether Defendant engages in a practice of adding interest to debts for periods prior to the purchase of debts, that had not been added by the alleged owners of the debts at the time;

   c. Whether such practice violates the FDCPA;

   d. Whether members of the Class are entitled to the remedies under the FDCPA;

   e. Whether members of the Classes are entitled to declaratory relief;

   f. Whether Defendant should be enjoined from reporting such inaccurate information to the credit reporting agencies;

   g. Whether such practice violates California Business and Professions Code § 17200;

   h. Whether members of the Classes are entitled to injunctive relief; and,

     i. Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA.

60. Plaintiff will fairly and adequately protect the interest of the Classes.
61. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.
62. Plaintiff's claims are typical of the claims of the Class and The Sub-Class, which all arise from the same operative facts involving unlawful collection practices.
63. A class action is a superior method for the fair and efficient adjudication of this controversy.
64. Class-wide damages are essential to induce Defendant to comply with the federal and State laws alleged in the Complaint.
65. Class members are unlikely to prosecute such claims on an individual basis since the maximum statutory damage award of $1,000 is small. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.
66. Plaintiff, The Class and The Sub-Class seek injunctive relief against Defendant to refrain from reporting such inaccurate information to the credit reporting agencies.
67. Defendant has acted on grounds generally applicable to the Class, and The Sub-Class thereby making appropriate final declaratory relief with respect to the class as a whole.
68. Members of The Class and The Sub-Class are likely to unaware of their rights.
69. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.
70. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via publication.
71. Plaintiffs request certification of a hybrid class combining the elements of

Fed. R. Civ. P. 23(b)(3) for monetary damages and Fed. R. Civ. P. 23(b)(2) for equitable relief.

### CLASS CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

[Against All Defendants]

72. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

74. As a result of each and every violation of the FDCPA, Plaintiff, and the members of The Class, are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

### COUNT II

### VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

### Cal. Civ. Code § 1785.1, et seq.

[Against All Defendants]

75. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

76. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

///

///

77. In the regular course of its business operations, Defendant routinely furnishes information to credit reporting agencies pertaining to transactions between Defendant and Defendant's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

78. Because Defendant is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a). As a party to the December 19, 2009 Purchase Agreement, Defendant knew or should have known that Defendant was not able to charge interest on Plaintiff's alleged debt. Thus, Defendant violated Cal. Civ. Code § 1785.25(a).

## COUNT III

### VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200

[Against All Defendants]

79. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

80. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of

misconduct, as well as ongoing misconduct.

### UNLAWFUL

81. California Business & Professions Code §17200 prohibits any "unlawful ... business act or practice." An unlawful business act or practice is an act or practice that is both undertaken pursuant to business activity and also forbidden by law. Any business act or practice that is unlawful, in the sense that it violates a specific statute, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made, may be enjoined under the UCL.

82. As discussed above, Defendant has systematically and continuously attempted to collect upon alleged debts neither owed by Plaintiff nor the Sub-Class members. Defendant's conduct constitutes violations 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(8); 1692e(10); 1692f; and, 1692f(1). On information and belief, Defendant has reported this inaccurate information to the Credit Reporting Agencies.

83. Defendant's unlawful business practices directly harmed Plaintiff and the members of the Class since Plaintiff and the members of the Sub-Class have suffered monetary damages. In addition, Defendant's deceptive conduct lead Plaintiff and the members of the Sub-Class to suffer damages through Defendant's perpetration of credit reports containing inaccurate and erroneous information regarding the amount of Plaintiff's and the Sub Class members' alleged debts.

84. This illegal conduct exacerbated the substantial hardship currently being suffered by Plaintiff and the Sub-Class Members since these consumers were already experiencing extreme financial hardships as a result of the current economic downturn. Furthermore, Defendant's unlawful business practices directly harmed Plaintiff and the members of the Class and as a result statutory damages are now due to Plaintiff and the members of the Class.

85. Thus, Defendant's conduct has violated the "unlawful" prong of California

Business & Professions Code § 17200.

## UNFAIR

86. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

87. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

88. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Sub-Class. Plaintiff and members of the Sub-Class have suffered injury in fact due to Defendant's perpetration of credit reports containing erroneous information regarding alleged debts alleged to be due and owing. It should be noted that Plaintiff and the Sub-Class Members are already facing dire financial situations. Furthermore, due to Defendant's unlawful, unfair and fraudulent practices, Plaintiff's, and the Sub-Class members', credit ratings have declined. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Sub-Class.

89. Moreover, Defendant's deceptive conduct of collecting debts from consumers that were not owed by said consumers solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by

Defendant convinced Plaintiff and members of the Sub-Class that the alleged debts were larger than previously believed. Thus, the injury suffered by Plaintiff and the members of the Sub-Class is not outweighed by any countervailing benefits to consumers.

90. Finally, the injury suffered by Plaintiff and members of the Sub-Class is not an injury that these consumers could reasonably have avoided. After Defendant, a large debt collector, falsely represented that Defendant was properly collection an inflated debt, these consumers suffered injury in fact due to Defendant's reporting of inaccurate information to the credit bureaus. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Sub-Class members to make a payment toward an alleged debt that these consumers did not owe. Therefore, the injury suffered by Plaintiff and members of the Sub-Class is not an injury which these consumers could reasonably have avoided.

91. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

### FRAUDULENT

92. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

93. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

94. Here, not only was Plaintiff and the Sub-Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Defendant's reporting of inaccurate information to the credit bureaus falsely represented Plaintiff and the Sub-Class members'

credit worthiness. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant, a large debt collector, and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

95. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, The Class Members and the Sub-Class Members prays for judgment as follows:

- Certifying the Class as requested herein;
- Providing such further relief as may be just and proper.

In addition, Plaintiff, The Class Members and the Sub-Class Members pray for further judgment as follows:

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendant individually;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each named Defendant individually;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendant individually;
- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;
- award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;

///

- an award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- for equitable and injunctive relief pursuant to the FDCPA;
- for equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b).
- restitution of the funds improperly obtained by Defendant;
- for equitable and injunctive and pursuant to California Business and Professions Code § 17203; and,
- any and all other relief that this Court deems just and proper.

Dated: January 20, 2014                                   Respectfully submitted,

                                                          KAZEROUNI LAW GROUP, APC

                                                          By: _____
                                                          S. MOHAMMAD KAZEROUNI, ESQ.
                                                          ATTORNEY FOR PLAINTIFF

## TRIAL BY JURY

96. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff, The Class and The Sub-Class are entitled to, and demand, a trial by jury.

Dated: January 20, 2014                                   Respectfully submitted,

                                                          KAZEROUNI LAW GROUP, APC

                                                          By: _____
                                                          S. MOHAMMAD KAZEROUNI, ESQ.
                                                          ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

[ADDITIONAL PLAINTIFF'S COUNSEL]

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@attorneysforconsumers.com
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
Telephone: (877) 206-4741
Facsimile: (866) 633-0228